IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN SCHRECK, | : |
| Plaintiff, | : |
| v. | : Case No.: |
| LITHIA MOTORS, INC., BAIERL AUTOMOTIVE CORPORATION, and MIKE ROSSI, individually, | : |
| Defendants. | : |

## COMPLAINT

AND NOW, comes the plaintiff, Lauren Schreck, through her attorney, Gregory G. Paul, and Morgan & Paul, PLLC, and files the following Complaint under Title VII, 42 U.S.C. Section 2000(e) et seq., and the Pennsylvania Human Relations Act.

## PARTIES

1. Plaintiff, Lauren Schreck, is an adult individual, residing in Pittsburgh, Pennsylvania.

2. Defendant, Lithia Motors, Inc., hereinafter referred to as ("Lithia"), is a corporation engaged in interstate commerce employing more than 15 persons primarily engaged interstate commerce. Defendant maintains its corporate headquarters in Medford, Oregon 97501and does business within the Western District of Pennsylvania.

3. Defendant, Baierl Automotive, Inc., hereinafter referred to as ("Baierl") is an active corporation in Pennsylvania. Defendant maintains its corporate headquarters at 10432 Perry Highway, Wexford, PA 15090.

4. Mike Rossi, is a General Manager for Lithia Motors, Inc., formerly with Baierl Automotive Corporation. During the relevant period of time, Mr. Rossi was the General Manager

of Baierl Chevrolet and made the decision to terminate Ms. Schreck. Based upon information and belief, Mr. Rossi is currently employed with Lithia Motors, Inc. at Day Ford located at 3696 William Penn Highway, Monroeville, PA 15146.

## JURISDICTION AND VENUE

5. This is an action under Title VII and the PHRA. Plaintiff seeks lost wages, declaratory, injunctive and compensatory and punitive relief for discrimination on the basis of gender and retaliation as defined by the applicable statutes.

6. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because each of the defendants resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. Plaintiffs have exhausted administrative prerequisites as evidenced by right to sue letters dated April 28, 2014.

8. Each of the Defendants is a covered employer within the meaning of the Title VII and PHRA because, among other things, they employed the requisite number of employees during the relevant time period.

## STATEMENT OF FACTS

9. Lauren Schreck was employed Baierl Automotive, Inc., and later Lithia Motors, Inc., from July 5, 2016 until her termination on November 2, 2017. She began working as a detailer and was promoted to the service department for Ford and then to the express service department for Chevrolet.

10. During her interview, she was told she had a pretty face and this would be good for business. During a meeting with Bob Helsel and Mike Rossi, her supervisors told her they like the fact that she was a female and attractive females increase sales and business.

11. Ms. Schreck made complaints about the above and sexual harassment to human resources including a male co-worker, Roxy Racioppo, who continually made comments about her clothing and hair, that her eyes were pretty and solicited her to meet after work to have sex. At work, Roxy more than a dozen times asked, "Is today the day to go out to the car". She responded by telling him to stop and asked "Are you married".

12. Following her objections, Roxy stated to her that women should not be service advisors, referred to her as a dumb blonde, and to get another career.

13. After her complaint to human resources, a training video called "Harassment in the Workplace" was sent out and she was told to be patient because this was not her only case. Ms. Schreck was never contacted again by the human resource representative. Additionally, her employer ran a background check on her after her complaints of harassment.

14. Ms. Schreck was informed by Bob Helsel and Tom Hull that she was being placed on probation for not meeting sales expectations. She was told to gross $22,500 in labor each month. In the remaining weeks in September, she reached $21,000 and in October she reached $31,000.

15. On November 2, 2017, Bob Hesel told Ms. Schreck to meet in Mike Rossi's office. Mr. Rossi stated that they received a customer complaint and decided to let her go. When Ms. Schreck asked who the customer was that complained, Mr. Rossi replied "that doesn't matter".

16. Mike Rossi, the manager who terminated Ms. Schreck based upon the above alleged customer complaint, previously sent a text message dating back to when Ms. Schreck began as a detailer. In this text message, Mr. Rossi requests a co-worker to "get me an ass shot of that detailer" referring to "Lauren Nicole" and that Mr. Rossi would look her up on FB, referring to facebook.

17. Based upon the above, Ms. Schreck files this complaint under the PHRA including individual liability and aiding and abetting against Mike Rossi and under Title VII alleging a hostile work environment based upon sexual harassment, discrimination based upon gender and sex, and retaliation. Ms. Schreck seeks all available remedies under the above laws including back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## Count I:
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII and PHRA

18. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

19. By the acts above, each of the defendants violated Title VII and the PHRA by discriminating against plaintiff by creating, tolerating and condoning a hostile work environment based upon gender including offensive statements and conduct by co-workers and supervisors.

20. Ms. Schreck was subjected to unlawful sexual harassment from supervisors, including Bob Helsel and Mike Rossi, and co-workers including Roxy Racioppo in that she was subjected to repeated unwelcome sexual advances and offensive comments.

21. Plaintiff was subjected to unlawful sexual harassment from supervisors and co-workers, in that she was subjected to repeated unwelcome sexual comments, whereby management knew, or should have known, of the abusive conduct by its employees.

22. But for Plaintiffs' sex, female, she would not have been subjected to this unlawful harrassment.

23. Defendants through severe or pervasive conduct intimidated and harassed Plaintiff based on gender resulting in a hostile work environment and adverse employment action including termination.

24. The Defendant's acts of offensive conduct were with malice and reckless disregard for Plaintiff's state and federally protected civil rights. Plaintff has and will continue to suffer

irreparable injury and monetary damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

## Count II:
## RETALIATION UNDER TITLE VII and PHRA

25. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

26. By the acts above, each of the defendants violated Title VII and the PHRA by retaliating against Plaintiff for making complaints of gender discrimination and hostile work environment.

27. As a result of her complaints exercising her state and federally protected rights, Defendants set unrealistic sales goals for an express adviasor and then terminated Ms. Schreck based upon a vague and undocumented customer complaint.

28. The Defendants acted with reckless indifference to plaintiff's state and federally protected rights.

29. The Defendants engaged in an unlawful employment practice by retaliating against Plaintiff because she opposed one or more violations of Title VII and the PHRA through both informal and formal complaints of sexual harassment.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Schreck demand (1) judgment against all defendants in an amount to make her whole for all damages suffered as a result of defendants' violation of Title VII and the PHRA including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under these statutes; (2) that this Court enjoin defendants from further discriminatory and retaliatory practices; (3) that this Court order defendants to reinstate plaintiff with all seniority and benefits or in the alternative front pay;

(4) that this Court order Defendants to pay all attorney's fees, expert fees and other costs of litigation incurred in this action; (5) that this Court award prejudgment interest; and (6) that this Court grant all other relief entitled to under law and equity.

**A JURY TRIAL IS DEMANDED**

DATED: May 30, 2019.

                Respectfully submitted,

                MORGAN & PAUL, PLLC

                /s/ Gregory G. Paul
                GREGORY G. PAUL
                PA ID Number:  83334
                100 First Avenue, Suite 1010
                Pittsburgh, PA  15222
                (412) 259-8375 (telephone)
                (888) 822-9421 (facsimile)
                gregpaul@morgan-paul.com

                Attorney for Plaintiff